UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Wayne Loftin, #22087-057, | ) | C/A No. 8:09-01603-HMH-BHH |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| M.M. Mitchell, Warden FCI Edgefield, | ) | |
| Respondent. | ) | |

Joseph Wayne Loftin (Petitioner) is a federal inmate currently housed at the Federal Correctional Institution at Edgefield, South Carolina, which is a facility of the Federal Bureau of Prisons. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review this petition and to submit findings and recommendations to the District Court.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

This Court is required to liberally construe *pro se* documents. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. at 520. A federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, this petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Background**

Petitioner submitted his claim on a form which is used by federal prisoners seeking habeas corpus relief under 28 U.S.C. § 2241. However, upon initial review, this Court construed the petitioner's claim as a complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) rather than a habeas petition filed pursuant to § 2241. This case was not in proper form for possible service of process and by order dated July 2, 2009, the petitioner was given a specific time frame in which to bring this case into proper form. (See Docket Entry # 6.) In response to that order, on July 20, 2009, the petitioner filed an objection to the recharacterization of his petition as a complaint filed pursuant to *Bivens*, and he insisted on proceeding with his case as a habeas petition filed pursuant to 28 U.S.C. § 2241. (See Docket Entry # 7.) Therefore, at the petitioner's insistence, his case is treated as a habeas petition filed pursuant to § 2241.

Petitioner brings this § 2241 petition complaining of medical treatment he is receiving and a lack of due process in administrative action in that regard. Specifically, his grounds for relief in the petition are as follows (verbatim):

> a. Ground one: The medical staff at FCI Edgefield, and Administrative body controlling it acted toward Defendant/Petitioner with deliberate indifference denying medical care when it was known and documented that his condition was serious. U.S.C.A. 8 & 14.
> 
> ***
> 
> b. Ground Two: Prison administrators have prevented Defendant/Petitioner from receiving treatment for medical care already deemed serious in their own records, denying access to physician's care and prescribed eyewear, medications violating constitutional std. U.S.C.A. 8 & 14.
> 
> ***
> 
> c. Ground Three: Defendant/Petitioner has been denied due process of law under Fifth and Fourteenth Amendments to be free from an abuse of discretion: protection from unconstitutional administrative actions: & protection of Defendant/Petitioner's life & health from administrative action. U.S.C.A. 5 & 14.
> 
> ****
> 
> d. Ground Four: The BOP's administrative remedy solution and response was inadequate, inaccurate and deliberately indifferent to my medical needs, violation 8th & 14th Amendment U.S.C.A.

(Pet. at 3-5.)

The only relief requested is the preprinted form request "that the court grant petitioner relief to which he/she may be entitled in this proceeding." (Pet. at 5.)

**Discussion**

Habeas is the appropriate vehicle for a federal prisoner to challenge the execution of his sentence which affects duration of confinement. This petition should be dismissed because it fails to state a ground on which habeas relief is currently available or to seek habeas relief. The United States Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), makes clear that habeas petitions are appropriate only where "success in [the] action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at

3

82. Petitioner does not challenge the validity or duration of his confinement. Rather, he challenges conditions of his confinement and what he calls a denial of "due process of law to be free from abuse of discretion." (Pet. at 4.) Assuming these allegations would state constitutional violations, they must be pursued through a separate civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Because Petitioner is complaining about his medical condition/treatment and due process violations, he raises issues more appropriately pursued through a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[2] or, in the event he is asserting negligence, under the Federal Tort Claims Act (FTCA).[3] Therefore, this habeas action should be dismissed.

## Recommendation

Accordingly, for the reasons stated above, it is recommended that the § 2241 petition for a writ of habeas corpus in this case be dismissed *without prejudice* and without service upon the Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a

---

[2] *Bivens* itself only provides explicit authorization for suits for money damages. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. at 388. Some courts have found that it also authorizes suits for injunctive relief. *See, e.g., Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir.2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 851 (1994)), while other courts have viewed a request for injunctive relief as being separate from a *Bivens* action. *See, e.g., Reuber v. United States*, 750 F.2d 1039, 1061 (D.C.Cir.1984), overruled on other grounds by *Kauffman v. Anglo-Am. School of Sofia*, 28 F.3d 1223 (D.C.Cir.1994).

[3] The FTCA is a limited statutory waiver of immunity from suits for damages at common law enjoyed by the Unites States as sovereign. *See* 28 U.S.C. §§ 1346, 2671-2680. It gives jurisdiction to the federal district courts to hear civil actions against the United States for money damages for injuries caused by the negligent or wrongful acts or omissions of government employees while acting within the scope of their employment, subject to several exceptions. *Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995).

4

petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

                                                s/Bruce Howe Hendricks  
                                                United States Magistrate Judge

August 26, 2009  
Greenville, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).